UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMILIE HAYEK, ANURAAG KHANDELWAL, and SAMANTHA CUTRONA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALO, LLC, a California limited liability company, d/b/a Alo Moves,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   INTRODUCTION

1. This case arises from Alo Moves, Inc.'s ("Defendant" or "Alo") surreptitious disclosure of its subscribers' personally identifiable information in violation of the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710.

2. Specifically, Alo used a "Pixel" tracking cookie to disclose to Meta Platforms, Inc. f/k/a Facebook ("Meta," formerly known as "Facebook") a record of its digital subscribers' identities side-by-side with the specific videos those digital subscribers requested or obtained. Alo did so without the subscribers' "informed, written consent." *Id.* § 2710(b)(2)(B).

3. Emilie Hayek ("Hayek"), Anuraag Khandelwal ("Khandelwal"), and Samantha Cutrona ("Cutrona") (collectively, "Plaintiffs," and individually, a "Plaintiff") are victims of Alo's misconduct. Without their consent, Alo disclosed to Facebook each Plaintiff's personally

CLASS ACTION COMPLAINT - 1

identifiable information, including their Facebook ID ("FID"), along with specific video titles and the videos' URLs identifying specific prerecorded videos each Plaintiff requested or obtained (together, "Personal Viewing Information"). Plaintiffs bring this case as a class action, seeking damages and equitable relief on behalf of themselves and all others similarly situated.

## II.   PARTIES

4.   Plaintiff Emilie Hayek resides in Illinois, where she intends to remain. Plaintiff Hayek was a paid subscriber to Alo Moves in 2023, which is operated by Alo, LLC.

5.   Plaintiff Anuraag Khandelwal resides in New York, where he intends to remain. At all times material hereto, Plaintiff Khandelwal was a paid subscriber to Alo Moves, which is operated by Alo, LLC.

6.   Plaintiff Samantha Cutrona resides in New Jersey, where she intends to remain. At all times material hereto, Plaintiff Cutrona was a paid subscriber to Alo Moves, which is operated by Alo, LLC.

7.   Defendant Alo, LLC is a California limited liability company with its principal place of business located at 9830 Wilshire Blvd, Beverly Hills, CA 90212. Alo, LLC does business as Alo Moves, a video streaming service that offers subscriptions and provides prerecorded video content to its subscribers.

## III.   JURISDICTION AND VENUE

8.   This Court has personal jurisdiction because Alo purposefully directs its conduct at Washington, transacts business in Washington (including in this District), has substantial aggregate contracts with Washington (including in this District), engaged and is engaging in conduct that has had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, including those in Washington (including in this District), and purposefully availed itself of the laws of Washington.

9.   This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because this action arises under 18 U.S.C. § 2710.

CLASS ACTION COMPLAINT - 2

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. Venue is proper in this Court because Alo maintains an agent in this District. Further, the Alo Moves website Terms of Service provide that "[A]ny judicial proceedings will be brought in and you hereby consent to the exclusive jurisdiction and venue in the state and federal courts in Seattle, Washington."[1]

### IV.     FACTUAL ALLEGATIONS

**A.     Background of the VPPA.**

11. The VPPA generally prohibits the knowing disclosure of information which identifies a consumer as having requested or obtained specific video materials or services. 18 U.S.C. § 2710(b)(1).

12. Under the statute, the Court may award actual damages (but not less than liquidated damages of $2,500.00 per violation), punitive damages, equitable relief, reasonable attorneys' fees, and other reasonably incurred litigation costs. *Id.* § 2710(c)(2).

13. The VPPA was initially passed in 1988 to protect the privacy of individuals' and their families' video rental, purchase, and viewing data. Leading up to its enactment, members of the United States Senate warned that "[e]very day Americans are forced to provide to businesses and others personal information without having any control over where that information goes." S. Rep. No. 100-599 at 7-8 (1988).

14. Senators at the time were particularly troubled by disclosures of records that reveal consumers' purchases and rentals of videos and other audiovisual materials. As Senator Patrick Leahy and the late Senator Paul Simon recognized, records of this nature offer "a window into our loves, likes, and dislikes[,]" such that "the trail of information generated by every transaction that is now recorded and stored in sophisticated record-keeping systems is a new, more subtle and pervasive form of surveillance." *Id.* at 7-8.

15. In proposing the Video and Library Privacy Protection Act (later codified as the VPPA), Senator Leahy stated that "[i]n practical terms our right to privacy protects the choice of

---

[1] https://www.alomoves.com/terms (last visited October 10, 2023).

CLASS ACTION COMPLAINT - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

movies that we watch with our family in our own homes. And it protects the selection of books that we choose to read." 134 Cong. Rec. S5399 (May 10, 1988). Thus, the personal nature of such information and the need to protect it from disclosure inspired the statute: "These activities are at the core of any definition of personhood. They reveal our likes and dislikes, our interests and our whims. They say a great deal about our dreams and ambitions, our fears and our hopes. They reflect our individuality, and they describe us as people." *Id.*

16. These statements rang true in 1988 when Congress passed the VPPA, and even more so today, in the modern era of data mining and online video content in which most Americans partake. During a recent Senate Judiciary Committee meeting, "The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century," Senator Leahy emphasized the point by stating: "While it is true that technology has changed over the years, we must stay faithful to our fundamental right to privacy and freedom. Today, social networking, video streaming, the 'cloud,' mobile apps and other new technologies have revolutionized the availability of Americans' information."[2]

17. In this case, Defendant chose to deprive Plaintiffs and class members of their rights under the VPPA by systematically disclosing their Personal Viewing Information to Facebook, without providing informed, written consent.

**B.   Alo offers pre-recorded video content through its website.**

18. Alo is an online video-streaming service that offers both prerecorded and live-stream yoga and other fitness videos to its subscribers, as described at www.alomoves.com.

**C.   Alo embedded the Pixel on its website and knowingly disclosed its subscribers' Personal Viewing Information to Facebook.**

19. Alo intentionally deployed the "Meta Pixel" or "Pixel" on its website, programmed it to collect and transmit information regarding subscriber's video viewing, and

---

[2] *See* Statement of the Honorable Patrick Leahy, United States Senator, January 31, 2012, https://www.judiciary.senate.gov/imo/media/doc/leahy_statement_01_31_12.pdf (last visited July 13, 2023).

CLASS ACTION COMPLAINT - 4

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

did so to profit, directly or indirectly, from advertising and information services, knowing that the Pixel would transmit subscribers' personally identifiable information to Facebook.

1. <u>The Meta Pixel Tracker</u>

20. Facebook introduced its Pixel tracking tool in 2013 to allow online businesses like Alo to track the actions of their customers on their respective websites and to build detailed, valuable profiles about them.[3] Once activated, the Meta Pixel "tracks the people and type of actions they take,"[4] including each page users' visit, what buttons they click, as well as specific information that users input into a website.[5]

21. Facebook explains to companies like Alo that installing the Pixel allows them to "track Facebook ad-driven visitor activity on [their] website" and enables Facebook "to match . . . website visitors to their respective Facebook User accounts."[6]

22. Once a company like Alo installs the Meta Pixel on its website, the Pixel tracks users as they navigate through the website and logs a variety of information designated for tracking by the company, including pages visited, any website "buttons" they click, the specific information entered in forms (including personal information), as well as "optional values" set by the business website.[7]

23. During the installation process, Alo chose certain options from a menu of available "events" that track specific user activity on Alo's website for automatic disclosure to Meta, including personally identifiable information such as a user's FID, a unique and persistent

---

[3] Meta for Developers, Meta Pixel, https://developers.facebook.com/docs/meta-pixel/ (last visited October 9, 2023).
[4] Meta, Retargeting, https://www.facebook.com/business/goals/retargeting (last visited October 9, 2023).
[5] Meta, Business Help Center, About Meta Pixel, https://www.facebook.com/business/help/742478679120153?id=1205376682832142 (last visited October 9, 2023).
[6] Meta for Developers, Get Started, https://developers.facebook.com/docs/meta-pixel/get-started (last visited October 9, 2023).
[7] Meta for Developers, Meta Pixel, https://developers.facebook.com/docs/meta-pixel/ (last visited October 9, 2023).

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

identifier Facebook assigns to each Facebook user. Alo chose for its website to disclose to Facebook its subscribers' unencrypted FIDs within a "c_user cookie."

24. Any ordinary person who has access to this FID can use this identifier to easily locate, access, and view a user's corresponding Facebook profile, as well as the specific video content the user requested or obtained on Alo's website. One simply needs to log into Facebook and type www.facebook.com/FID/ to identify the user. For example, Mark Zuckerberg's FID is reportedly the number "4," so logging into Facebook and typing www.facebook.com/4 in the web browser retrieves Mark Zuckerberg's Facebook page, www.facebook.com/zuck, and additional personally identifiable information contained therein.

25. Alo could easily program its website to ensure that this information is not disclosed to Facebook.

2. <u>Alo used the Meta Pixel to disclose digital subscribers' Personal Viewing Information from Alo's website to Facebook.</u>

26. Alo embedded Meta Pixel on its website to disclose its subscribers' identities and video viewing histories to Meta.



CLASS ACTION COMPLAINT - 6

27. In the example above, user "John Roe" is requesting or obtaining Defendant's video titled "Dance Strength Sculpt Party."8



28. As can be seen above, when a user clicked on and requested a video on relevant portions of the Alo website, Alo disclosed to Meta whether a video was requested (in contrast to the user requesting non-video material), the specific video name that the digital subscriber requested, the fact that the subscriber requested or obtained the specific video, the URL, and the digital subscriber's FID to Facebook in a single transmission.

29. The FID is displayed in the "c_user" code. In this example, the code is 100089934521623. The disclosure of the FID is coupled with the title of the video the subscriber requested or obtained along with the URL for the video:

---

[8] For purposes of demonstrating in this complaint Alo's practice of disclosing consumers' personally identifiable information, Plaintiffs created and used an exemplary account for "John Roe."

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com



**Video Name:**

**Digital Subscriber's FID:**

30.     Any person can specifically identify the user requesting or obtaining the Alo video titled "Dance Strength Sculpt Party 4" by simply entering facebook.com/100089934521623 into their search bar. On pressing enter, John Roe's Facebook page automatically appears.

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com



31. Alo violated the VPPA by knowingly disclosing subscribers' FIDs, together with the specific video materials they requested or obtained, to Facebook.

**D.  Alo did not obtain consent from its various digital subscribers to disclose their Personal Viewing Information to Facebook.**

32. When opening an account, Defendant did not inform its digital subscribers that their Personal Viewing Information and FID would be shared with Facebook, and Defendant did not obtain its digital subscribers' consent to such information sharing.

33. As is the case at the time of registration, digital subscribers were not provided with any notification that their Personal Viewing Information was being shared when they logged in to their Alo account and requested or obtained specific prerecorded videos. Defendant also failed to obtain digital subscribers' written consent to collect their Personal Viewing Information "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer," as the VPPA requires.

34. Defendant did not seek or obtain its digital subscribers' consent (in writing or otherwise) before surreptitiously disclosing their Personal Viewing Information to Facebook.

**E.  Plaintiffs' experiences.**

1.  <u>Plaintiff Emilie Hayek</u>

35. Plaintiff Emilie Hayek was a paid Alo subscriber in 2023. Hayek became paid Alo digital subscribers by registering for an account and providing, among other information, her

CLASS ACTION COMPLAINT - 9

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

name, email address, and payment information to Alo. Alo provided Hayek with a username and password to log in to her account.

36. At all times relevant hereto, Hayek had a Facebook account that contained her personal information, including her name. Hayek regularly requested or obtained pre-recorded video materials and/or services from Defendant through www.alomoves.com. Thus, disclosure of Hayek's FID results in the sharing of her personal information.

37. Alo knowingly disclosed to Facebook Hayek's FID coupled with the specific titles of prerecorded video material and/or services she requested or obtained, and URLs to access those videos.

38. Each time Alo knowingly disclosed Hayek's Personal Viewing Information to Facebook, it violated her rights under the VPPA.

39. Hayek never provided informed, written consent, to Defendant that complied with the VPPA to disclose her Personal Viewing Information to Facebook.

40. Defendant never provided Hayek with written notice that it had disclosed her Personal Viewing Information, or any means of opting out of such disclosure. Defendant nonetheless disclosed Hayek's Personal Viewing Information to Facebook.

2. <u>Plaintiff Anuraag Khandelwal</u>

41. Plaintiff Anuraag Khandelwal has been a paid Alo subscriber since at least July 2023. Khandelwal became a paid Alo digital subscriber by registering for an account and providing, among other information, his name, email address, and payment information to Alo. Alo provided Khandelwal with a username and password to log in to his account.

42. At all times relevant hereto, Khandelwal had a Facebook account that contained his personal information, including his name. Khandelwal regularly requested or obtained pre-recorded video materials and/or services from Defendant through www.alomoves.com. Thus, disclosure of Khandelwal's FID results in the sharing of his personal information.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

43. Alo knowingly disclosed to Facebook Khandelwal's FID coupled with the specific title of prerecorded video material and/or services he requested or obtained, and URLs to access those videos.

44. Each time Alo knowingly disclosed Khandelwal's Personal Viewing Information to Facebook, it violated his rights under the VPPA.

45. Khandelwal never provided informed, written consent to Defendant that complied with the VPPA to disclose his Personal Viewing Information to Facebook.

46. Defendant never provided Khandelwal with written notice that it had disclosed his Personal Viewing Information, or any means of opting out of such disclosure. Defendant nonetheless disclosed Khandelwal's Personal Viewing Information to Facebook.

3. <u>Plaintiff Samantha Cutrona</u>

47. Plaintiff Samantha Cutrona has been a paid Alo subscriber since at least 2020. Cutrona became a paid Alo digital subscriber by registering for an account and providing, among other information, her name, email address, and payment information to Alo. Alo provided Cutrona with a username and password to log in to her account.

48. At all times relevant hereto, Cutrona had a Facebook account that contained her personal information, including her name. Cutrona regularly requested or obtained pre-recorded video materials and/or services from Defendant through www.alomoves.com. Thus, disclosure of Cutrona's FID results in the sharing of her personal information.

49. Alo knowingly disclosed to Facebook Cutrona's FID coupled with the specific titles of prerecorded video material and/or services she requested or obtained, and URLs to access those videos.

50. Each time Alo knowingly disclosed Cutrona's Personal Viewing Information to Facebook, it violated her rights under the VPPA.

51. Cutrona never provided informed, written consent, to Defendant that complied with the VPPA to disclose her Personal Viewing Information to Facebook.

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

52. Defendant never provided Cutrona with written notice that it had disclosed her Personal Viewing Information, or any means of opting out of such disclosure. Defendant nonetheless disclosed Cutrona's Personal Viewing Information to Facebook.

## V. CLASS ACTION ALLEGATIONS

53. Plaintiffs bring this lawsuit pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class (the "Class"):

> All persons in the United States who subscribed to Alo Moves, requested or obtained prerecorded video materials or services on Alo Moves's website, used Facebook during the time the Pixel was active on Alo Moves's website, and whose Personal Viewing Information Alo Moves disclosed to Facebook.

54. The "Class Period" is from October 20, 2021 to the present.

55. Excluded from the Class are: (a) Alo and its employees, officers, directors, legal representatives, successors and wholly or partly owned subsidiaries or affiliated companies; (b) class counsel and their employees; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

56. *Numerosity.* The Class is so numerous that individual joinder is impracticable. On information and belief, Alo has at least tens of thousands of subscribers using Alo Moves, many of whom have requested or obtained specific video content. On information and belief, Alo disclosed the personal viewing information of a substantial portion of those subscribers to Facebook in violation of the VPPA. The Class therefore consists of thousands of class members—far too many for individual joinder.

57. *Typicality.* Plaintiffs' claims are typical of the Class they seek to represent. Plaintiffs, like all Class members, had their personal viewing information knowingly disclosed to Facebook by Alo without their informed written consent. Plaintiffs' claims arise out of the same conduct and are based on the same legal theories as those of any absent Class members.

58. *Adequacy of Class Representatives.* Plaintiffs will fairly and adequately protect the interests of the Class. They are aware of their duties to absent Class members and are

CLASS ACTION COMPLAINT - 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

determined to faithfully discharge their responsibilities. Plaintiffs' interests are aligned with (and not antagonistic to) the interests of the Class.

59. *Adequacy of Counsel.* In addition, Plaintiffs have retained competent counsel with considerable experience in privacy class actions and other complex litigation. Plaintiffs' counsel have done substantial work in identifying and investigating potential claims in this action, have considerable knowledge of the applicable law, and will devote the time and financial resources necessary to vigorously prosecute this action. They do not have any interests adverse to the Class.

60. *Commonality and Predominance.* This case presents numerous questions of law and fact with answers common to the Class that predominate over questions affecting only individual class members. Those common questions include:

   a. Whether Defendant disclosed Class members' Personal Viewing Information to Facebook;

   b. Whether Defendant's disclosure of Class members' Personal Viewing Information to Facebook was knowing under the VPPA;

   c. Whether the information disclosed to Facebook concerning Class members' Personal Viewing Information constitutes personally identifiable information under the VPPA; and

   d. Whether Class members are entitled to statutory damages and equitable relief as a result of Defendant's conduct.

61. *Superiority and Manageability.* A class action is superior to individual adjudications because joinder of all Class members is impracticable, would create a risk of inconsistent or varying adjudications, and would impose an enormous burden on the judicial system. The amount in controversy for each individual Class member is likely relatively small, which reinforces the superiority of representative litigation. As such, a class action presents far fewer management difficulties than individual adjudications, preserves the resources of the parties and the judiciary, and protects the rights of each Class member.

CLASS ACTION COMPLAINT - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

62.     *Injunctive Relief*. Plaintiffs also satisfy the requirements for maintaining a class under Rule 23(b)(2). Defendant acted on grounds that apply generally to the proposed Class, making final declaratory or injunctive relief appropriate with respect to the proposed Class as a whole.

63.     *Particular Issues*. Plaintiffs also satisfy the requirements for maintaining a class action under Rule 23(c)(4). Their claims consist of particular issues that are common to all Class members and are capable of class-wide resolution that will significantly advance the litigation.

## FRAUDULENT CONCEALMENT AND TOLLING

64.     The applicable statutes of limitations are tolled by virtue of Defendant's knowing and active concealment of the facts alleged above. Plaintiffs and Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

65.     At the time the action was filed, Defendant was under a duty to disclose the true character, quality, and nature of its activities to Plaintiffs and the Class. Defendant is therefore estopped from relying on any statute of limitations.

66.     Defendant's fraudulent concealment is common to the Class.

## CAUSE OF ACTION

### Violations of the Video Privacy Protection Act, 8 U.S.C. § 2710

67.     Plaintiffs incorporate by reference all of the above allegations.

68.     Plaintiffs bring this cause of action on behalf of the Class.

69.     The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally identifiable information" concerning any consumer to a third-party without the "informed, written consent (including through an electronic means using the Internet) of the consumer[.]" 18 U.S.C. § 2710(b)(1); *id.* § 2710(b)(2)(B).

70.     A "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials[.]" *Id.* § 2710(a)(4). Defendant, therefore, is a

CLASS ACTION COMPLAINT - 14

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

"video tape service provider," because it is engaged in the business of delivering audio visual materials that are similar to prerecorded video cassette tapes and those sales affect interstate or foreign commerce.

71. As defined in 18 U.S.C. § 2710(a)(1), a "'consumer' means any renter, purchaser, or subscriber of goods or services from a video tape service provider[.]" As alleged above, Plaintiffs and Class members are subscribers to Defendant's service, which provides video content. Thus, Plaintiffs and Class members are "consumers" under this definition.

72. As defined in 18 U.S.C. § 2710(a)(3), "'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider[.]"

73. Alo knowingly disclosed Plaintiffs' and Class members' Personal Viewing Information—specifically, their FIDs and the title and URL of the videos they requested or obtained—to Facebook.

74. This information constitutes personally identifiable information under 18 U.S.C. § 2710(a)(3) because it identified each Plaintiff and each Class member to Facebook as an individual who requested or obtained Defendant's video content, including the specific video materials requested or obtained on Defendant's website. Indeed, anyone with an FID could identify the individual associated with it simply by entering "facebook.com/[FID]" into a web browser.

75. Under the VPPA, "informed, written consent" must be (1) "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer"; and (2) "at the election of the consumer" is either "given at the time the disclosure is sought" or "given in advance for a set period of time, not to exceed 2 years or until consent is withdrawn by the consumer, whichever is sooner[.]" *Id.* § 2710(b)(2)(B). Defendant failed to obtain informed, written consent under this definition.

76. In addition, the VPPA creates an opt-out right for consumers. *Id.* § 2710(b)(2)(B)(iii). It requires video tape service providers like Alo to also "provide[] an

CLASS ACTION COMPLAINT - 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

opportunity, in a clear and conspicuous manner, for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election[.]" *Id.* Defendant failed to provide an opportunity to opt out as required by the VPPA.

77. Defendant knowingly disclosed Plaintiffs' and Class members' Personal Viewing Information to Facebook. Defendant programmed the Meta Pixel into its website code, knowing that Facebook would receive specific video titles and the subscribers' FIDs when they requested or obtained videos.

78. By disclosing Plaintiffs' and Class members' Personal Viewing Information, Defendant violated Plaintiffs' and Class members' statutorily protected right to privacy in their video-watching habits.

79. As a result of the above violations, Defendant is liable to Plaintiffs and other Class members for liquidated damages in an amount of $2,500 per violation. *Id.* § 2710(c)(2)(A). Under the statute, Defendant is also liable for reasonable attorneys' fees and other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Defendant in the future. *Id.* § 2710(c)(2).

## VI. PRAYER FOR RELIEF

80. Plaintiffs, individually and on behalf of all others similarly situated, hereby request that the Court:

    a. Certify the Class;

    b. Appoint Plaintiffs as Class representatives and appoint Plaintiffs' counsel to represent the Class;

    c. Find that Defendant's actions, as described herein, constitute violations of the VPPA;

    d. Award liquidated damages in an amount of $2,500 per violation for each violation to each Plaintiff and each Class member;

    e. Award punitive damages in an amount to be determined at trial;

CLASS ACTION COMPLAINT - 16

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

     f.     Award reasonable attorneys' fees and reimbursement of litigation expenses;

     g.     Award Plaintiffs and Class members pre- and post-judgment interest as provided by law;

     h.     Enter judgment in favor of Plaintiffs and the Class;

     i.     Enjoin Defendant's ongoing misconduct, enter any equitable relief it deems appropriate, and award restitution in an amount sufficient to disgorge Defendant's ill-gotten gains; and

     j.     Award any other relief the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

81. Plaintiffs demand a jury trial on all applicable claims.

RESPECTFULLY SUBMITTED AND DATED this 20th day of October, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/Amanda M. Steiner, WSBA #29147
Amanda M. Steiner, WSBA #29147
Email: asteiner@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Brian Levin, *Pro Hac Vice Forthcoming*
Email: brian@levinlawpa.com
Brandon T. Grzandziel, *Pro Hac Vice Forthcoming*
Email: brandon@levinlawpa.com
LEVIN LAW, P.A.
2665 South Bayshore Drive, PH2
Miami, Florida 33133
Telephone: (305) 402-9050
Facsimile: (305) 676-4443

CLASS ACTION COMPLAINT - 17

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5
6
7

Matthew R. Wilson, *Pro Hac Vice Forthcoming*
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr., *Pro Hac Vice Forthcoming*
Email: mboyle@meyerwilson.com
Jared W. Connors, *Pro Hac Vice Forthcoming*
Email: jconnors@meyerwilson.com
MEYER WILSON CO., LPA
305 W. Nationwide Blvd.
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

8

*Attorneys for Plaintiffs and the Proposed Class*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

CLASS ACTION COMPLAINT - 18